**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:22-cr-0031-4** |
| | ) | |
| **RICHARD TRAVIS BARGERON** | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Richard Travis Bargeron requests a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the United States Sentencing Guideline. (Doc. 331.) However, the application of Amendment 821 does not actually result in a lower guideline range of imprisonment. Accordingly, the Government contends that the Court should deny Defendant's motion.

**Factual Background**

On September 23, 2022, Defendant pled guilty to lesser included offense of Count 5, that is of conspiracy to possess with intent to distribute, and to distribute, controlled substances methamphetamine (mixture), methamphetamine (actual), heroin, and marihuana, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. (Presentence Investigation Report ("PSR")¶ ¶ 1-4). According to the PSR, Investigators with the Richmond County (Georgia) Sheriff's Office (RCSO) received information from a Confidential Informant (CI) that an individual was selling methamphetamine out of a particular motel room, located at 1238 Gordon Highway, Augusta, Georgia. RCSO

investigators conducted a controlled purchase of marihuana from the individual from that location around February 18, 2020, and February 19, 2020. . (PSR ¶ 5.)

RCSO investigators obtained and executed a search warrant on the hotel room at 1238 Gordon Highway. In the room, investigators located Richard Travis Bargeron and two other individuals (PSR ¶ 6.) Investigators located in the room a total of 1241.9 grams of methamphetamine, 616.4 grams of marijuana, 106 grams of heroin, 58.3 gram of cocaine, numerous pills, scales, $4721, baggies, and two firearms, among other items *(Id.*)

The PSR determined that Defendant had a Total Offense Level of 29. (*Id.* at ¶¶ 15-25.) With respect to criminal history, the PSR concluded that Defendant had accumulated twenty criminal history points, and that he was a career offender. (*Id.* ¶¶ 26-44.) As a result, the PSR placed Defendant in Criminal History Category VI. (*Id.* ¶ 44.) Defendant's Total Offense Level of 29 combined with Criminal History Category VI yielded an advisory guideline range of 151 to 188 months of imprisonment. (*Id.* ¶ 73.) On January 19, 2023, the Honorable J. Randal Hall sentenced Defendant to 114 months of imprisonment. (Doc. 177.) Defendant did not appeal either his conviction or sentence.

In his motion, Defendant requests a sentence reduction pursuant to 18 U.S.C. § 3582(c) based on Amendment 821 to the United States Sentencing Guidelines. (Doc. 331.)

## Analysis

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has the authority to reduce the term of imprisonment for a defendant whose "sentencing range [] has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." However, the court must first determine "whether a retroactive Guidelines amendment **actually** lowers [the defendant's] applicable Guidelines range." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1248 (11th Cir. 2017) (quoting *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)) (emphasis added). The Eleventh Circuit has long recognized that § 3582(c)(2) authorizes reductions to only those sentences based on guideline ranges lowered by an amendment. *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008).

The Defendant does not explain how his criminal history score would change pursuant to Amendment 821, and in any event the Defendant is a career offender, requiring automatic application of criminal history category VI. As a result, the applicable guideline range would remain unchanged— at 151 to 188 months of imprisonment. Therefore, Defendant is not entitled to a sentence reduction because the Court has not "sentenced him to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Accordingly, Defendant is ineligible for a sentence reduction under § 3582(c) because Amendment 821 does not actually result in a lower guideline range of imprisonment.

**Conclusion**

For these reasons, the Government respectfully requests that the Court deny Defendant's Motion to Reduce Sentence. (Doc. 331.)

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Patricia Green Rhodes***
Patricia Green Rhodes
Assistant United States Attorney
Georgia Bar No. 307288

P.O. Box 2017
Augusta, Georgia 30903
(706) 724-0517

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") that was generated as a result of electronic filing in this Court. In addition, I sent a paper copy through the U.S. Postal Service to:

Richard Travis Bargeron
FCI Williamsburg
30894-509
Federal Correctional Institute Inmate Mail/Parcels
P.O. Box 340
Salters, SC 29590

Respectfully submitted this 25th day of September 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Patricia Green Rhodes***
Patricia Green Rhodes
Assistant United States Attorney
Georgia Bar No. 307288

P.O. Box 2017
Augusta, Georgia 30903
(706) 724-0517