**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-031-04 |
| | * | |
| RICHARD TRAVIS BARGERON | * | |

# O R D E R

Defendant Bargeron has filed a one-sentence motion requesting relief based upon Amendment 821 to the United States Sentencing Guidelines. (Doc. 331.) A federal court may modify a sentence if the defendant's sentencing range has been subsequently lowered by the Sentencing Commission, after consideration of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2).

Amendment 821 (Part B) provides a retroactive decrease in offense level for certain "zero point" offenders. With Defendant's lengthy criminal history, he is most certainly not a zero point offender. Accordingly, this part of Amendment 821 offers him no relief.

Amendment 821 (Part A) provides a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1. Notably, the number of criminal history points assessed against Defendant is irrelevant because he was determined to be a career offender under U.S.S.G. § 4B1.1. Career

offenders are placed in criminal history category VI. That is, no matter how many criminal history points are assessed against him, Defendant's criminal history category is VI as long as he is considered a career offender.

Because Amendment 821 has no effect on his guideline range, Defendant's motion to reduce his sentence based upon Amendment 821 (doc. 331) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 28th day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA